IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JASBIR B. SINGH,<br><br>            Plaintiff,<br><br>vs.<br><br>UTAH TRANSIT AUTHORITY,<br><br>            Defendant. | **MEMORANDUM DECISION - REPORT & RECOMMENDATION**<br><br>Case No:  2:04-CV-990 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

   Jasbir B. Singh filed suit against the Utah Transit Authority (UTA) alleging violations of his rights under the Americans with Disabilities Act (ADA), and 42 U.S.C. §§ 1983 and 1985 as the result of an incident in which a UTA bus driver required him to dispose of a cup of coffee before boarding a bus.  Under the pertinent provision of the ADA, a plaintiff must show that he suffered discrimination on account of his disability.  Because the undisputed facts establish that Singh was treated no differently than a non-disabled passenger would have been treated under similar circumstances, the court should grant UTA's motion for summary judgment.[1]  The case was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).

### STATEMENT OF UNDISPUTED FACTS

   Singh has not specifically controverted the facts set forth by UTA in its memorandum; therefore, those facts are deemed admitted under the local rules.[2]  The following statement of

---

[1]Docket. no. 13, filed June 2, 2005.

[2]*See* DUCivR 56-1(c); *Uragami v. Home Depot USA, Inc.*, No. 1:03-CV-00070, 2005 WL 2177232, at *1 n.1 (D. Utah Sept. 2, 2005).

undisputed facts is copied from Defendant's Memorandum in Support of Summary Judgment,[3] except that the court has removed the citations to the Declaration of Sharlene Tharp from the text and placed them in footnotes.

  1. On October 18, 2004, UTA Customer Service Supervisor Sharlene Tharp was dispatched to Bus No. 0251, located at 3300 South State Street, to investigate a problem between a driver and passenger.[4]

  2. When Tharp arrived on the scene, Bus Driver Albert Johnson explained that Plaintiff had tried to board the bus with an open container of hot coffee. The open container in question was a Styrofoam cup with a plastic lid, with the drinking tab completely removed.[5]

  3. Because the drinking tab had been removed, Driver Johnson considered the coffee to be in an open container and, consistent with UTA regulations, he asked Plaintiff to discard his coffee before boarding the bus. Driver Johnson informed Tharp that he consistently enforces UTA's prohibition on open containers with all his passengers.[6]

  4. In response to Driver Johnson's request, Plaintiff began to argue with him. However, Plaintiff ultimately complied and discarded his coffee. Driver Johnson then allowed Plaintiff to board the bus.[7]

---

[3]Docket no. 14, filed June 2, 2005.

[4]Declaration of Sharlene Tharp, attached as Exhibit A to Defendant's Memorandum in Support of Summary Judgement, ¶¶ 2-3.

[5]*Id*. ¶ 4.

[6]*Id*. ¶¶ 5-6.

[7]*Id*. ¶ 7.

5.      However, once aboard the bus, Plaintiff, still upset about being asked to discard his coffee, began to create a disturbance. Another passenger, Cheryl Rhoads (also a UTA bus driver), attempted to calm Plaintiff down by giving him a dollar to compensate him for the cost of the coffee.[8]

6.      However, Plaintiff's behavior continued to escalate and Plaintiff began to curse and disturb other passengers. In response, Driver Johnson called for assistance and Tharp was dispatched to the scene. Plaintiff then exited Driver Johnson's bus and boarded another UTA bus located immediately behind Bus No. 0251.[9]

7.      When Tharp arrived and approached Plaintiff on the second bus to ask him what happened, Plaintiff immediately began to argue with her about having to discard his coffee. Tharp explained that UTA regulations prohibit passengers from bringing open beverage containers aboard a bus and that Plaintiff's coffee cup constituted an open container.[10]

8.      In response, Plaintiff raised his voice and attempted to involve other bus passengers in his discussion with Tharp, at which point Tharp asked Plaintiff to calm down. Plaintiff then informed Tharp that he was yelling at her because he is disabled.[11]

9.      In order to defuse the situation, Tharp exited the bus and asked the driver, Dolores Ala, to step outside. Tharp asked Driver Ala if she had any problem transporting Plaintiff and

---

[8]*Id.* ¶ 8.

[9]*Id.* ¶ 9.

[10]*Id.* ¶ 10.

[11]*Id.* ¶ 11.

Driver Ala responded that she did not, at which point Tharp allowed Plaintiff to remain on the bus.[12]

10. Plaintiff never indicated that Driver Johnson was rude to him, touched him or lied about Plaintiff's use of profanity on Bus No. 0251. Additionally, Plaintiff never mentioned that any other passengers had threatened him or that any comments were made about his race.[13]

11. UTA investigated the incident and determined that the driver's actions were consistent with UTA regulations and did not constitute discrimination.

## II. DISCUSSION

### A. Standard for Summary Judgment

Because Singh is proceeding pro se, the court construes his pleading liberally.[14] Summary judgment is appropriate if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.[15] In considering a motion for summary judgment, the court views the facts, and draws reasonable inferences therefrom, in the light most favorable to the nonmoving party.[16] However, "the 'mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient' to create a genuine issue of material fact."[17] Similarly,

---

[12]*Id.* ¶ 12.

[13]*Id.* ¶ 13.

[14]*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[15]Fed. R. Civ. P 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005); *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005).

[16]*MacKenzie*, 414 F.3d at 1273; *Johnson*, 405 F.3d at 1068; *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1182-83 (10th Cir. 1995).

[17]*Johnson*, 405 F.3d at 1068 (quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997)).

unsupported conclusory allegations do not create a genuine issue of fact.[18]  Thus, to establish the existence of a genuine issue of material fact, the party opposing summary judgment must present facts upon which a reasonable jury could find in his favor.[19]

**B. Americans with Disabilities Act**

    **1.  Singh's ADA Claim Falls Under Title II of the Act[20]**

Singh attempts to assert a claim under Title III of the Act[21] which governs discrimination in public accommodations.[22]  The Act defines "public accommodation" to include "private entities" such as hotels, restaurants, movie houses, stores, and similar establishments.[23]  The definition of a "private entity" specifically excludes any public entity.[24]

Title II of the ADA governs discrimination by public entities.  The Act defines a "public entity" to include "any department, agency, special purpose district, or other instrumentality of a State or States or local government."[25]  The Utah Supreme Court has stated that UTA is a

---

[18]*MacKenzie*, 414 F.3d at 1273; *see Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 47 (2004).

[19]*Johnson*, 405 F.3d at 1068; *Lawmaster*, 125 F.3d at 1347.

[20]42 U.S.C. §§ 12131-12165.

[21]42 U.S.C. §§ 12181-12189.

[22]*Crowder v. Kitagawa*, 842 F. Supp. 1257, 1267 (D. Haw. 1994), *rev'd on other grounds*, 81 F.3d 1480 (9th Cir. 1996).

[23]42 U.S.C. § 12181(7); *Crowder*, 842 F. Supp. at 1267.

[24]42 U.S.C. § 12181(6); *Crowder*, 842 F. Supp. at 1267.

[25]42 U.S.C. § 12131(1)(B); *Thompson v. Colorado*, 278 F.3d 1020, 1023 (10th Cir. 2001).

political subdivision of the state, known as a "public transit district."[26] Accordingly, because UTA is a public, rather than a private, entity under the ADA, the court analyzes Singh's claim under Title II of the Act.

### 2. Singh Has Failed to Show Discrimination

Title II provides that "no qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[27] Thus, Title II prohibits a "public entity" from discriminating against a "qualified individual with a disability" on account of the disability.[28] To establish a violation of Title II, a plaintiff must show (1) that he was a "qualified individual with a disability;" (2) that he "was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability."[29]

Singh apparently claims to have a mental disability. Although he has not made a showing that would satisfy the first prong of the test, the court assumes for purposes of the motion for summary judgment that Singh is a "qualified individual with a disability." But even under this assumption, Singh cannot succeed on his Title II claim because he has not satisfied the second and third prongs of the test. This is so because he cannot show that he was excluded from

---

[26]*Parks v. Utah Transit Auth.*, 53 P.3d 473, 475 (Utah 2002).

[27]42 U.S.C. § 12132 (emphasis added); *Thompson*, 278 F.3d at 1022, 1028.

[28]*Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 208 (1998).

[29]*Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999); *Rodde v. Bonta*, 357 F.3d 988, 995 (9th Cir. 2004).

participation, denied benefits, or subjected to discrimination because of his disability.  Singh was not denied transportation.  At most, he has shown that he was required to discard his coffee before boarding a UTA bus.  UTA has established by affidavit that all passengers are subject to the regulation[30] prohibiting open containers on UTA buses, and that the regulation is enforced uniformly whether or not a passenger has a disability.  Singh has made no sworn response contradicting UTA's assertions.  Accordingly, Singh has failed to establish that he was discriminated against on account of his disability.

**C.  UTA Is Immune from Damages Under the ADA and Sections 1983 and 1985**

Singh used a form complaint in filing this lawsuit in which he checked boxes indicating that the court has jurisdiction under 42 U.S.C. §§ 1983 and 1985.  Assuming that he intended to assert claims under these provisions, UTA is entitled to summary judgment on these claims as well as the ADA claim.

Singh seeks ten million dollars in damages, but no other type of relief.  The Eleventh Amendment bars a suit in federal court against a state or its agencies.  This bar applies regardless of the nature of the relief sought.[31]  Since UTA is a state agency, it is immune from suit under the Eleventh Amendment.  Further, the Tenth Circuit has concluded that Title II of the ADA "is not a valid abrogation of the states' Eleventh Amendment immunity."[32]  Thus, UTA, as a subdivision of the state, is immune from damages on Singh's ADA claim.

---

[30]A copy of the applicable regulation is attached as Exhibit B to Defendant's Memorandum in Support of Summary Judgment, Docket no. 14.

[31]*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

[32]*Thompson*, 278 F.3d at 1034.

**D. Other Possible Defendants Not Named in the Caption of the Complaint**

UTA is the only defendant named in the caption of the form complaint Singh used to file this lawsuit. But in the body of the complaint, he lists several individuals in the section describing defendants, all of whom appear to be UTA employees. The additional possible defendants are described in the complaint as Johnson, a UTA bus driver; Sharlene Tharp; John M. Inglish, UTA general manager; and Lori, a UTA bus driver. It is unclear whether Singh intended to name these individuals as defendants, or if they are simply actors involved in the alleged violation by UTA, or witnesses. Apparently, none of these individuals has been served.

Under Rule 10(a) of the Federal Rules of Civil Procedure, all defendants must be named in the caption of the complaint. Most courts that have considered the question, however, have concluded that failure to include defendants in the caption does not require dismissal of the Plaintiff's claims against them.[33] Therefore, in the interest of judicial economy, the magistrate judge will consider Plaintiff's claims against the possible individual defendants, as well as those against UTA.

**1. Legal Standard**

The court may grant summary judgment to a non-moving party where the facts are fully developed so that the court can determine that the party is entitled to judgment as a matter of law.[34] The court concludes that summary judgment should be entered in favor of the possible

---

[33] See 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321 (3d ed. 2004).

[34] *Faustin v. City & County of Denver*, 423 Fed. 3d 1192, 1198-99 (10th Cir. 2005); *Dickeson v. Quarberg*, 844 F.2d 1435, 1444 n.8 (10th Cir. 1988); 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2720 (3d ed. 1998).

individual defendants not named in the caption of the complaint, as well as UTA, because the facts are sufficiently developed for the court to determine that Singh is not entitled to any relief on his claims against them as discussed below.

### 2. There Is No Individual Liability Under the ADA

As discussed above, Singh has failed to establish a violation of the ADA. But even if he had, several courts have held that defendants may not be sued in their individual capacities under the ADA.[35]

### 3. A Section 1983 Suit May Not Be Based on a Violation of the ADA

Section 1983 provides a remedy for deprivation of a federal constitutional or statutory right by a person acting under color of state law.[36] Based on the allegations in the complaint, Singh's section 1983 claim must be predicated on the alleged violation of his rights under the ADA. Since the court finds that there was no violation of the ADA, Singh cannot succeed on any section 1983 claim against the individual defendants. Further, several courts have held that the ADA remedial and enforcement scheme is sufficiently comprehensive to bar a section 1983 suit based on an alleged violation of the Act.[37] Thus, the individual defendants are entitled to summary judgment on the section 1983 claim.

---

[35] *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 743-44 (10th Cir. 1999)(Title I); *Alsbrooke v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)(en banc)(Title II); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996)(Title I); *US EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995).

[36] *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005).

[37] *Alsbrook*, 184 F.3d at 1010-12 (Title II); *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1530-31 (11th Cir. 1997)(Title I).

### 3.  No Claim Exists Under Section 1985

Turning to the section 1985 claim, the Tenth Circuit has stated that Section 1983 and section 1985 claims share a common element:  a plaintiff must show that he was deprived of a federally protected right to succeed on either claim.[38]  As discussed, Singh has not shown the deprivation of any federally protected right.  Accordingly, Defendants are entitled to summary judgment on any section 1985 claim.

---

[38] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1198 (10th Cir. 2000); *see Murray v. City of Sapulpa*, 45 F.3 1417, 1423 (10th Cir. 1995); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991)..

## RECOMMENDATION

No genuine issue of fact exists, and UTA, as well as the individual defendants, are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment should be granted as to all defendants.[39]

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

November 30, 2005.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[39] Docket. no. 13.